UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMAAL ALI BILAL,

      Petitioner,

v.                                     Case No.  3:16cv228/LC/CJK

GEO/CCS/FLORIDA DEPARTMENT OF
CHILDREN & FAMILY SERVICES, and
WARDEN WELLHAUSEN, RMC and
JULIE JONES, SECRETARY, FDOC,

      Respondents.
_____/

## REPORT AND RECOMMENDATION

This habeas case, filed under 28 U.S.C. § 2254, is before the court upon transfer from the United States District Court for the Middle District of Florida. (Doc. 2).  Upon review of the record and Bilal's previous filings, the court concludes that this case should be dismissed as an unauthorized second or successive habeas corpus application, and for Bilal's abuse of the judicial process.

## BACKGROUND AND PROCEDURAL HISTORY

At the time Bilal initiated this action, he was serving a state court criminal sentence of one year and one day imposed by the DeSoto County Circuit Court on March 28, 2016, upon Bilal's conviction for felony battery in Case No. 15-CF-270.

Petitioner's estimated release date is May 28, 2016. *See* http://www.dc.state.fl.us/ActiveInmates; *see also State of Florida v. Jamaal Bilal*, Case No. 15-CF-270, Order of Commitment to County Jail (Fla. 12th Cir. Ct. Mar. 28, 2016) ("It is hereby ordered that Jamaal Bilal is committed to the Desoto County Jail for a period of 1 yr 1d with credit for time served of TBD [(to be determined)] day(s)."). There is a 1999 detainer on Bilal by the First Judicial Circuit Court for Escambia County, Florida, in Case No. 99-CA-1507. *See* http://www.dc.state.fl.us/ActiveInmates (reflecting an August 26, 1999 detainer by the First Judicial Circuit Court). The detainer arises from Bilal's 2001 civil commitment. Bilal entered a settlement agreement in Escambia County Circuit Court Case No. 99-CA-1507, acknowledging that the State could meet its burden of proving his status as a sexually violent predator under the Jimmy Ryce Act.[1] Since 2001, Bilal has been civilly detained at FCCC pursuant to his civil commitment in Case No. 99-CA-1507.[2]

Bilal first challenged his civil commitment by filing a § 2254 petition in this court. *See Bilal v. Regier*, Case No. 3:02cv362-LAC/MD. This court denied Bilal

---

[1] The "Jimmy Ryce Act" was enacted in Florida "to create a civil commitment procedure for the long-term care and treatment of sexually violent predators." Fla. Stat. § 394.910 (2001).

[2] The background and procedural history of Case No. 99-CA-1507 appear in Bilal's other cases. *See Bilal v. State*, 157 So. 3d 1093 (Fla. 1st DCA 2015); *Bilal v. Regier*, Case No. 3:02cv362-LAC-MD (N.D. Fla.); *Bilal v.* Butterworth, Case No. 3:07cv76-MCR-MD (N.D. Fla.).

relief.  *See id.*, Doc. 205 (order adopting report and recommendation and denying §
2254 petition challenging Bilal's 2001 civil commitment in Escambia County
Circuit Court Case No. 99-CA-1507).  The Eleventh Circuit Court of Appeals denied
Bilal's motion for a certificate of appealability.  *See id.*, Docs. 258, 260.  Since then,
Bilal has filed several petitions for writ of habeas corpus under 28 U.S.C. § 2254 in
this court to challenge his 2001 civil commitment under the Jimmy Ryce Act.  *See*
Case Nos.   3:04cv144-MCR-MD;   3:05cv183-RV-MD;   3:06cv326-LAC-MD;
3:06cv327-RV-MD;  3:06cv355-MCR-MD;  and  3:07cv76-MCR-MD.  The  court
dismissed those cases because Bilal had not obtained the requisite authorization from
the Eleventh Circuit for filing a second or successive § 2254 petition.

   Most recently, Bilal filed two additional § 2254 petitions in this district court:
Case Nos. 3:16-cv-136-LC-CAS, and 3:16-cv-167-LC-GRJ.  In Case No. 3:16-cv-
136-LC-CAS, Bilal again challenged his 2001 civil commitment. In a report and
recommendation (doc. 4), dated April 12, 2016, the assigned magistrate judge
recommended that Bilal's petition be dismissed as second or successive under §
2244(b)(3)(A).  *See* Case No. 3:16-cv-136-LC-CAS, Doc. 4.  The District Judge
adopted the report and recommendation and dismissed Bilal's case on May 19, 2016.
*See id.*, Doc. 10.

In Case No. 3:16cv167-LC-GRJ, Bilal identified the judgment he was challenging as the DeSoto County judgment entered in Case No. 15-CF-270, but his grounds for relief were broader. Bilal challenged the failure to receive gain time for a pre-commitment period of incarceration, arguing that this claim related to his present confinement, because had he been awarded such gain time, he would have been out of prison prior to his Jimmy Ryce Act commitment. In addition, Bilal challenged the 1999 detainer that would return him to civil commitment at FCCC after completion of his DeSoto County sentence. *See id.*, Doc. 1. As relief, Bilal sought release on bail, a declaration that the detainer lodged against him by the Department of Children and Families was unconstitutional, appointment of counsel, an award of gain time, and a declaration that he was not in lawful custody at the time he was civilly committed in 1999. (Doc. 1, p. 16 in ECF). In a report and recommendation (doc. 8), dated April 29, 2016, the assigned magistrate judge recommended that Bilal's petition be dismissed for the following reasons: (1) construed as a challenge to his confinement on the DeSoto County battery conviction, his claims were unexhausted, (2) to the extent petitioner challenged his civil commitment or his Escambia County convictions serving the basis for civil commitment, his petition was an unauthorized successive petition. *See* Case No. 3:16-cv-167-LC-GRJ, Doc. 8. The District Judge adopted the report and

recommendation and dismissed Bilal's case on May 10, 2016. *See id*., Doc. 11.
Bilal filed a pleading titled "Petitioner's Emergency and Expedited Motion to Stay
Transfer Back to the Florida Civil Commitment Center ("FCCCC") [sic] After the
Upcoming Expiration of His State Prison Sentence Until Finalization of His Habeas
Proceeding and/or Finalization of Any Appeal Taken in This Habeas Proceeding".
*See id*., Doc. 13.  The pleading was docketed on May 12, 2016, and on May 13,
2016, the District Judge denied the motion.  *See id*., Doc. 15.

On May 14, 2016, petitioner initiated the present case by re-signing the same
"Emergency and Expedited Motion . . .", except with handwritten edits to the case
style and jurisdictional statement conforming it for filing in the Middle District.
(Doc. 1 and Ex. A).  Petitioner attached this motion to a new § 2254 petition form,
and identified the subject of the petition as "the detainer/capias placed upon him by
DCF/GEO/CSS in case In Re Bilal, 99-1507 (Escambia Co., Florida)".  (Doc. 1 and
Ex. A).[3]  This petition raises the same grounds for relief as the petition in Case No.
3:16cv167-LC-GRJ, and asks the court for the same relief:  to enjoin Bilal's transfer
back to FCCC, to "squash" the DCF detainer, to release Bilal on bail, and to appoint

---

[3] Petitioner titled his § 2254 petition "Motion for Expedited Petition of Writ of Habeas Corpus",
and also wrote at the top of the page, "Petitioner's Emergency and Expedited Motion to Stay His
Transfer Back to the Florida Civil Commitment Center ("FCCC") After the Upcoming Expiration
of His State Prison Sentence Until Finalization of His Habeas Proceeding and/or Finalization of
any Appeal Taken in This Habeas Proceeding."  (Doc. 1, p. 1).

counsel to represent Bilal on the gain time issue.  (Doc. 1, p. 19).[4]  When asked on

the petition form whether he previously filed any type of petition in a federal court

regarding the judgment at issue here, Bilal responded "Yes", explaining:

> Bilal v. FDOC, 3:16cv167 (U.S.D.C. Gainesville Division).  That court
> dismissed the petition for failure to exhaust only because the petition
> was addressing the one year criminal sentence instead of the underlying
> civil commitment proceeding that issued the detainer.  I had filed an
> Amended Complaint after the R&R issued but that court never
> addressed it in violation of Clisby v. Jones, F.2d (11th Cir) mandate.

(Doc. 1, p. 16).  The Middle District transferred the case to this court on May 24,

2016, "due to the nature of Bilal's assertions and because his claims arise from

actions occurring in Escambia County, Florida."  (Doc. 2, p. 4).

Whether construed as a challenge to Bilal's 2001 civil commitment, Bilal's

confinement on the 2016 DeSoto County conviction, or the DCF detainer, the

petition should be dismissed.  Title 28 U.S.C. § 2244(b)(3)(A) provides:  "Before a

second or successive [habeas corpus] application . . . is filed in the district court, the

applicant shall move in the appropriate court of appeals for an order authorizing the

district court to consider the application."  *See also* Rule 9, Rules Governing Section

2254 Cases in the United States District Courts (2015) ("Before presenting a second

or successive petition, the petitioner must obtain an order from the appropriate court

---

[4] References to page numbers of the petition are to those assigned by the court's Electronic Case
Filing (ECF) system.

of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that the district court lacked jurisdiction to entertain the petitioner's second § 2254 habeas petition contesting the same custody imposed by the same judgment of a state court, because the prisoner failed to obtain an order from the court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.,* 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

The present petition is an unauthorized "second or successive" habeas corpus application, presses claims that remain unexhausted, and is an attempt by petitioner to manipulate and abuse the judicial process by bringing identical claims in a different forum (the Middle District) in an effort to obtain relief he was unsuccessful in obtaining here in Case No. 3:16cv167-LC-GRJ. Petitioner's conduct warrants dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is

issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction and for abuse of the judicial process.

2.  That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 27th day of May, 2016.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.